[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 866
This is an action brought by the plaintiffs Audrey J. Foyer, Margaret F. Law, Donald P. Foyer and Susan Foyer Smith, trustee, of the Town of Orange, County of New Haven, State of Connecticut against the Commissioner of Transportation, State of Connecticut, whereby the Commissioner of Transportation, Bureau of Highways, State of Connecticut filed an assessment of damages and or compensation made under the provisions of § 13a-73 (b) of the Conn. General Statutes wherein said Commissioner found the premises to be necessary for the improvement of a highway located near I-95 Interchange 41 and appraised damages in the amount of $27,200.
The taking contains approximately 8,242 square feet more or less bound and described as follows:
 EASTERLY — by Present Marsh Hill Road, 737 feet, more, J. or less;
 SOUTHERLY — by Present Marsh Hill Road and land now or formerly P.B. Real Estate, Inc., each in part, feet, more or less;
 WESTERLY — by Owner's remaining land, a total distance of 736 feet, more or less, by a line designated "TAKING LINE", as shown on the map hereinafter referred to;
NORTHERLY — running to a point.
Said premises are owned in fee by Audrey J. Foyer, Margaret F. Law, Donald P. Foyer and Susan Foyer Smith as trustee. The appellants are being aggrieved by such assessment of damages of compensation because the same is inadequate, whereby the appellants herein appeal.
The testimony of the appellant's appraiser without opposition testified that the property can be utilized for entertainment and/or motel use. Both the appellants and defendant utilized the comparable sales approach as the basis of their market value. Both sides agreed with testimony that this area contains prime property. A description of this area indicates that it is bordered by lucrative businesses, namely Outback Steak House, CT Page 867 Marriott Residence Hotel, Christmas Tree Shops, a Mexican restaurant and many other high quality businesses.
Before acquisition, the appellant's appraiser testified that the property has a value of $3,745,000. After acquisition, the property is valued at $3,655,000. The reason for the value after acquisition is that despite the severance there is sufficient room to comply with the zoning laws for motel or entertainment purposes. The appellants claim $90,000 in damages.
Neither appraiser (because they used the comparable sales approach) have no real determination of the value of each acre. The real estate report of the appraiser for the plaintiff is well-documented and the court for the purposes of determining the value accepts the appellant's valuation of the property in question. The defendants' appraiser by his testimony seemed not to contest the conflict and admitted this was prime property in the Town of Orange.
However, due to the fact that the severance of the property did not disturb the right to comply with the zoning laws and have the same use prior to said severance, the court awards the plaintiff $60,000 by deducting $30,000 for not disturbing the use of the premises.
Therefore, the court accepts the sum of $60,000 in damages and includes in that sum the temporary right claim and the loss of site improvements — stone wall and trees. The defendant's appraiser does not disagree with the stone wall and trees allotment of $2,500, therefore the court makes an all inclusive award of $60,000 to the appellant. Because of this damage claim, the court, after trial, made a visit to the premises and he was impressed by the location and felt the defenses' rebuttal was very weak. Their appraiser did not elaborate enough on a reduction of costs and he agreed that $2,500 was sufficient reparation for the stone wall and trees mentioned herein. Therefore, the court awards the appellant the sum of $60,000 inclusive. Included in the costs will be the cost of the plaintiff's appraisal. I want to reiterate that the State in my opinion did a very inadequate job of assessing the value of the property in question.
Philip E. Mancini, Jr. Judge Trial Referee CT Page 868